UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO.  00-30032-01/USM NO. 10724-035** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **COREY D. JONES** | **MAG. JUDGE KAREN L.  HAYES** |

**RULING**

This matter is before the Court for consideration under 18 U.S.C. § 3582(c)(2).

On March 21, 2001, Defendant Corey D. Jones ("Jones") pled guilty to possession with intent to distribute and conspiracy to possess with intent to distribute cocaine base (crack cocaine). Following Jones' plea, the United States Probation Office ("USPO") conducted a pre-sentence investigation and issued a Pre-Sentence Report.  The Probation Officer determined that Jones' range of imprisonment under the United States Sentencing Guidelines was 262-327 months.  Included in the Guidelines determination were a four-level enhancement for Jones' leadership role in the conspiracy and a two-level enhancement for his possession of dangerous weapons.  On August 20, 2001, the Court sentenced Jones to 294 months imprisonment.  A Judgment imposing that term of imprisonment was signed on August 24, 2001.

On November 1, 2007, the United States Sentencing Commission's ("Sentencing Commission's") Amendment 706, as further amended by Amendment 711, to U.S.S.G. § 2D1.1, Unlawful Manufacturing, Importing, Exporting, or Trafficking (Including Possession with Intent to Commit These Offenses); Attempt or Conspiracy, took effect.  Amendment 706 generally reduced by two levels the base offense levels applicable to crack cocaine offenses. On December 11, 2007, the Sentencing Commission voted in favor of applying the amendment retroactively to crack cocaine

offenses, effective March 3, 2008. The Sentencing Commission also promulgated amendments to Policy Statement § 1B1.10, Reduction in Term of Imprisonment as a Result of Amended Guidelines Range, which will implement the retroactive application of Amendment 706, as amended by Amendment 711, effective March 3, 2008.

After the Sentencing Commission's amendments to the base offense levels for crack, the Court began, *sua sponte*, to review the defendants potentially affected by those amendments. Jones was identified by the USPO as a person who might be affected by the amendments. Additionally, Jones filed his own motion for reduction in March, 2008.

The USPO provided the Court with a revised Guidelines calculations sheet based on the amendments to Section 2D1.1. After a two-level reduction to his base offense level, Jones was subject to a term of imprisonment of 210-262 months.

As part of the administrative process, on August 5, 2008, the Court issued an order appointing the Office of the Federal Public Defender to represent Jones. The Order further provided notice of the Court's intent to reduce Jones' term of imprisonment from 294 to 236 months, based on the Court's review of the pre-sentence report and record. Finally, the Order required counsel to file within 60 days a notice stating (1) whether a hearing is requested or waived and (2) whether there are any objections to the re-calculation and/or to the Court's proposed term of imprisonment. Counsel were also provided a copy of the Probation Office's calculations.

Both the Government and Jones' counsel filed notices indicating that they had no objection to the Court's intended reduction and waiving a hearing. [Doc. Nos. 162 & 164]. Thus, on November 14, 2008, the Court issued an Amended Judgment [Doc. No. 171] reducing Jones' term of imprisonment to 236 months.

Jones again came before the Court for consideration under 18 U.S.C. § 3582(c)(2) in 2011. The Fair Sentencing Act of 2010 ("FSA"), Publ. L. 111-220, became effective on August 3, 2010, lowering the penalties for crack cocaine offenses. The United States Sentencing Commission then issued Amendment 750, amending the United States Sentencing Guidelines and lowering the offense levels for crack cocaine offenses.

On September 15, 2011, Jones filed a motion for reduction under the FSA and amended Guidelines. [Doc. No. 176]. As it did in 2008, the USPO provided the Court with a revised Guidelines calculations sheet based on the amendments to Section 2D1.1. The USPO's recalculation indicated that Jones' Guideline range had not changed.

However, on November 1, 2011, the Court issued an Order [Doc. No. 177] notifying the Government and the Office of the Federal Public Defender of its intent to issue an amended judgment reducing Jones' term of imprisonment from 236 months to the Guideline minimum of 210 months. The Court further ordered the Government and the Office of the Federal Public Defender to file memoranda stating whether a hearing was requested or waived and whether there were any objections to the re-calculation and/or to the Court's proposed term of imprisonment.

The Government timely filed a memorandum waiving any hearing and stating that it had no objection to the Court's intended reduction. Jones, who apparently disagreed with the re-calculation, filed a *pro se* memorandum requesting a reduction to 168 months imprisonment.

On January 25, 2012, the Court issued a Second Amended Judgment [Doc. No. 181], reducing Jones' term of imprisonment to 210 months.

Jones is again before the Court for a third time for reconsideration under 18 U.S.C. § 3582(c)(2), seeking a reduction in light of the United States Sentencing Commission's Amendment

782 to the Guidelines. On December 4, 2014, the Office of the Federal Public Defender was again appointed to represent him. [Doc. No. 215].

On April 20, 2015, the USPO met with counsel for the Government and for Jones. The parties all agree that, after retroactive application of Amendment 782, Jones' offense level was reduced by two levels to 32, and his recommended Guidelines range of imprisonment was reduced to 168-210 months. The USPO and counsel for Jones agreed to recommend to the Court that Jones receive a reduction in his term of imprisonment to 168 months. The Government opposes any further reduction.

On May 22, 2015, counsel for the Government and Defendant filed sentencing memoranda under seal in support of their respective positions. [Doc. Nos. 216 & 217]. The Government argues that Jones should not receive a further reduction because he is a danger to public safety. In support of its argument, the Government points to the discovery of assault weapons in Jones' home when a search warrant was executed on July 18, 2000. In response, Jones argues that a reduction is consistent with the Court's prior actions in this case, that he does not pose a danger to public safety, and that he is ready for release from prison. The Court previously considered his original conduct when reducing his sentence, and Jones argues that his possession of guns 15 years ago is no indication of his danger to the public safety now. He points to his thousands of hours of vocational training while incarcerated, including his training as an electrician and in building maintenance, as evidence of his desire and readiness for release.

    A.    **Analysis**

Section 3582(c)(2) provides:

The court may not modify a term of imprisonment once it has been imposed except

that-

...

in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The decision regarding whether to reduce a sentence under 18 U.S.C. § 3582(c)(2) rests "in the sound discretion of the district judge." *United States v. Whitebird*, 55 F.3d 1007, 1009 (5th Cir. 1995)(citing *United States v. Shaw*, 30 F.3d 26, 28 (5th Cir.1994)). However, the statute requires the Court to consider whether its proposed reduction is consistent with the Sentencing Commission's policy statements. In this case, the policy statement is contained in U.S.S.G. § 1B1.10(b), which provides:

    (b)    <u>Determination of Reduction in Term of Imprisonment</u>--

        (1)    <u>In General</u>.-In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

        (2)    <u>Limitations and Prohibition on Extent of Reduction</u>--

            (A)    <u>In General</u>.--Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range

>>determined under subdivision (1) of this subsection.
>
>. . .

U.S.S.G. § 1B1.10 (b)(1)-(2) (2014 Guidelines Manual). Amendment 782 is one of the "Covered Amendments." U.S.S.G. § 1B1.10(d).

The Court has the authority under § 3582(c)(2) to reduce Jones' sentence to 168 months, the minimum range of imprisonment provided by the revised Guidelines calculations. Additionally, having reviewed the record in this matter, as set forth above, the Court finds that such a reduction is appropriate in this case. The Government had no previous objections to Jones' reduction in 2008 and 2011, though it was certainly aware of the nature of his crime at that time. Further, and more importantly, as pointed out by the USPO and the Office of the Federal Public Defender, Jones' current Guidelines calculation takes into account his possession of dangerous weapons at the time of the offense (as well as his leadership role). No evidence from his 15 years of incarceration indicates that he is a current danger to the public safety. In short, a reduction in Jones' term of imprisonment is consistent with the revised Guidelines calculation and the goals of 18 U.S.C. § 3553(a).

### B. Conclusion

For the foregoing reasons, the Court determines that a reduction is appropriate in this matter. The Court will issue a separate order reducing Jones' term of imprisonment to 168 months.

MONROE, LOUISIANA, this 4th day of June, 2015.

*/s/ Robert G. James*
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE